UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00149-FDW

| | |
|---|---|
| **Dana H. Reese,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Nancy A. Berryhill,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

THIS MATTER is before the Court on Plaintiff Dana Reese's ("Plaintiff") Motion for Summary Judgment (Doc. No. 10) filed on January 16, 2018, and Defendant Acting Commissioner of Social Security's ("Commissioner" or "Defendant") Motion for Summary Judgment (Doc. No. 12) filed on March 14, 2018. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income ("SSI").

For the reasons set forth, the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REMANDS this matter pursuant to Sentence Four of 42 U.S.C. § 405(g)[1] for proceedings consistent with this Order.

### I. BACKGROUND

The procedural history of this case is undisputed. Dana H. Reese ("Plaintiff") filed an application for disability and SSI on June 26, 2013, alleging disability since May 1, 2013. (Tr. 164). Plaintiff's application was initially denied on September 9, 2013, (Tr. 102), and denied again at reconsideration on December 13, 2013. (Tr. 109). Plaintiff then filed a request for hearing on

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

1

January 17, 2014. (Tr. 114). Administrative Law Judge Clinton C. Hicks ("ALJ") conducted the hearing in Charlotte, North Carolina, on October 22, 2015. (Tr. 39). The ALJ denied Plaintiff's application in a written decision dated September 22, 2016. (Tr. 33).

In reaching his decision, the ALJ used the five-step sequential evaluation process for the evaluation of claims for disability under the Act. (Tr. 21); 20 C.F.R. § 404.1520(a)(4). On step one of the process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, June 26, 2013. (Tr. 22). At step two, the ALJ found Plaintiff had the following severe impairments: fractures to left clavicle, C1-C2, C6-C7 and L1-L5, first rib, mandibular, left trapezius, and right trapezium; traumatic brain injury; pain and unspecified neurocognitive disorder; history of right wrist fracture; history of right ankle fracture with ORIF; and adjustment disorder. (Tr. 22). At step three, the ALJ found Plaintiff did "not have an impairment or combination of impairments" that met or medically equaled any of the Listings. (Tr. 23).

The ALJ determined Plaintiff, despite her impairments, could perform light work as defined in 20 C.F.R. 416.967(b) and explained her residual functional capacity ("RFC") as follows:

> [T]he claimant has the residual functional capacity to perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 416.967(b)), except that she should have a sit/stand option with the opportunity to change positions twice per hour. She is limited to simple routine repetitive tasks and unskilled work activity. She should not work in a production setting. She should not perform overhead lifting bilaterally, but she can occasionally reach overhead bilaterally. She should avoid concentrated exposure to hazards. Her work environment should not involve constant changes in routine or crisis situations, and she should not perform complex decision-making. She can stay on task at least 2 hours at a time throughout the day. She should not interact with the public, and she could only occasionally interact with supervisors and coworkers.

(Tr. 24-25). Also, at step four the ALJ found Plaintiff could no longer perform any of her past relevant work. (Tr. 32).

In determining Plaintiff's RFC, the ALJ assigned substantial weight to the opinion of Dr. Adina Gabor-Gagea ("Gabor-Gagea") and Mr. Alexander Lopez ("Lopez"). (Tr. 29-30). Both Gabor-Gagea and Lopez reported that they examined Plaintiff's neuro-cognitive abilities and emotional issues, including her ability to focus on the tasks necessary to successfully perform her work. (Tr. 684, 695). Lopez was unable to diagnose a specific disorder, but Plaintiff's clinically significant symptoms led to a diagnosis of "Unspecified Neurocognitive Disorder" including symptoms of depression and anxiety. (Tr. 695). Gabor-Gagea recommended psychotherapy to treat Plaintiff's emotional distress and allow her to perform more complex tasks. (Tr. 685).

Importantly, the ALJ assigned "little weight" to a finding that Plaintiff was eligible for Medicaid in November 2015. (Tr. 31). The Catawba County Department of Social Services found that Plaintiff "met all income, asset, and disability requirements" to qualify for Medicaid. (Tr. 686). Plaintiff was accordingly issued a North Carolina Medicaid Identification Card by the North Carolina Department of Health and Human Services ("NCDHHS"). (Tr. 689). The ALJ briefly discussed this eligibility finding, explaining:

> The [ALJ] has considered that [Plaintiff] was found eligible for Medicaid in November 2015. Because the ultimate responsibility for determining whether an individual is disabled under the Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply other rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. The [ALJ] has assigned this eligibility finding little weight because it is not consistent with the evidence discussed herein.

(Tr. 31). This explanation completed the ALJ's discussion of Plaintiff's Medicaid eligibility.

At step five, the ALJ determined that, in light of Plaintiff's RFC, age, education, and work experience, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 32). The ALJ issued a decision that Plaintiff was not disabled under the Act. (Tr. 33).

On June 22, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's hearing decision. (Tr. 1.) Therefore, the ALJ's decision dated September 22, 2016, became the final decision of the Commissioner. Plaintiff then brought the instant suit before this Court to challenge the Commissioner's decision, and this case is now ripe for judicial review pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

The Commissioner must have applied the correct legal standard. Bird, 699 F.3d at 340. The Commissioner uses a five-step procedure for social security claims. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id., see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the

4

burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016). At the end of the third step, the Commissioner determines the claimant's RFC. Lewis, 858 F.3d at 861-62. A claimant's RFC is relevant if the claimant fails to meet a listed disability. Id. To succeed at the fourth step, the claimant must show his inability to perform past work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). If successful, the burden shifts to the government for the final step to prove that a significant number of jobs exist in the national economy which are suitable for the plaintiff. Lewis, 858 F.3d at 861-62. The government typically attempts to meet this burden through posing hypotheticals incorporating claimant's limitations to the Vocational Expert (VE), who then testifies whether claimant can work. Id. at 862. If the Commissioner meets this burden in step five, the ALJ will deem claimant not disabled and deny the benefits application. Id.

### III. ANALYSIS

Plaintiff asserts three reasons for remand, arguing the ALJ erroneously relied on the vocational witness testimony, erred in making the RFC determination, and failed to adequately explain why he afforded less than substantial weight to the state Medicaid decision finding Plaintiff disabled. In reviewing Plaintiff's assignments of error to this Court, the Court finds the last argument to be dispositive on the issue of remand.

The Fourth Circuit has recently explained that as a "default rule," an ALJ must give substantial weight to NCDHHS disability decisions. Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018). An ALJ may deviate from the rule "and accord an NCDHHS disability decision less than 'substantial weight' if 'the record before the ALJ clearly demonstrates that such a deviation is appropriate.'" Id. (quoting Bird, 699 F.3d at 343). In determining if it is appropriate to assign less than substantial weight to the NCDHHS decision, an ALJ must provide "persuasive, specific,

5

valid reasons for doing so that are supported by the record." Id. (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). If the ALJ provides only a "generic explanation, which could apply to every NCDHHS decision," that explanation "is neither persuasive nor specific" and fails to justify according less than substantial weight to the NCDHHS determination. Id. at 693.

Accordingly, this Court agrees with Plaintiff that the decision should be remanded back to the ALJ to adequately weigh the disability determination made in connection with Plaintiff's eligibility for Medicaid. The ALJ's decision to accord Plaintiff's prior Medicaid eligibility "little weight" was supported only by the explanation that "it is not consistent with the evidence discussed herein" is not sufficiently persuasive or specific to justify a deviation from the Fourth Circuit's default rule of according decisions by other agencies like NCDHHS substantial weight. See Woods, 888 F.3d at 692-93. Upon remand, the ALJ should provide specific and persuasive reasons supported by the record for according Plaintiff's Medicaid disability less than substantial weight.

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to Plaintiff's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta here,[2] the Court notes

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

6

that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990)).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is GRANTED; Defendant's Motion for Summary Judgment (Doc. No. 12) is DENIED; and this matter is REMANDED to the Commissioner for further proceedings consistent with this order. IT IS SO ORDERED.

  IT IS SO ORDERED.

Signed: September 13, 2018

Frank D. Whitney
Chief United States District Judge